**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-24040-CV-WILLIAMS**

DOUG LONGHINI,

    Plaintiff,

v.

MAJORCA INVESTMENT
PROPERTIES, LLC, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reopen the Case and Vacate the Court's Order Dismissing the Case (DE 11) ("***Motion***"). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

Plaintiff initiated this matter on December 14, 2022 by filing the Complaint. (DE 1.) The Court's December 22, 2022 Order of Referral (DE 6) ("***Order of Referral***") requires that "Plaintiff's counsel shall file with the Clerk of the Court a verified response to this order **WITHIN TEN (10) DAYS** from the date of this order." (*Id*. at 2) (emphasis original). In the verified response, Plaintiff's counsel was required to, among other things, indicate whether the Defendants or the Defendants' property or website had been sued prior to the filing of this suit for any alleged violations of the ADA. (*Id.* at 1–2.)  Further, the Order of Referral puts the Parties on notice that:

> Noncompliance with any provision of this Order, the Federal Rules of Civil Procedure, the Local Rules, or this Court's Practices and Procedures . . . may subject the offending Party to **sanctions**, including **dismissal** of this case. It is the duty of all counsel to take all actions necessary to comply with this Order.

(*Id.* at 3) (emphasis original).  On January 12, 2023, the Court dismissed this case without prejudice due to Plaintiff's failure to comply with the Order of Referral by failing to file verified response.  (DE 8.)  Following the dismissal of this case, Plaintiff filed the instant Motion. (DE 11.) Plaintiff asserts that the failure to comply with the Order of Referral was due to "a calendaring oversight by administrative staff" which it claims amounted to excusable neglect.  (DE 11 at 3–4.)  There is no excusable neglect in this matter.

The Eleventh Circuit has held that courts are to consider several factors in evaluating a party's purported excusable neglect: danger of prejudice to the opposing party, length of the delay and potential impact on judicial proceedings; the reason for the delay, including whether it was within a party's reasonable control; and whether the movant acted in good faith.  *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).  Plaintiff argues that any delay was minimal and that Plaintiff's counsel acted in good faith.  However, Plaintiff's reason for delay—a calendaring oversight which Plaintiff attributed to the holidays and a transition to remote work—does not constitute excusable neglect.  In addition, Plaintiff was put on notice that failure to comply with the Court's Order of Referral may result in sanctions, including dismissal of the case.  Plaintiff's reasoning fails to account for the fact that the Court waited nine days after the deadline and Plaintiff still had not filed the required verified response.  Plaintiff had ample opportunity to file the required response by the deadline, seek an extension, or seek leave to file the response after the deadline.[1]  On this basis, the Court found it appropriate to

---

[1] Plaintiff's counsel are experienced litigators in this District and have brought hundreds of cases in this District and dozens of cases before the Court representing Plaintiff related to the Americans with Disabilities Act: the several avenues of action listed above are known to Counsel.

dismiss this action *sua sponte*, and Plaintiff's Motion fails to demonstrate why the Court should reverse that decision and re-open this case.

District courts are vested with "broad discretion in managing their cases . . .and ensuring that their cases move to a reasonably timely and orderly conclusion." *Watts v. Club Madonna, Inc.*, 784 F. App'x 684, 687–88 (11th Cir. 2019) (holding a district court did not abuse its discretion in denying a request for an extension after a party failed to meet a deadline in the court's order) (citing *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (reasoning that "we accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling")); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (providing that "district courts enjoy broad discretion in deciding how best to manage the cases before them"); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (noting the "broad discretion which is allowed a trial court to manage its own docket").

The Court is vested with the inherent authority to manage its docket, including imposition of sanctions for failure to comply with a court order. *See Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1521 (11th Cir. 1996) (stating "[d]istrict courts have broad discretion under the Federal Rules of Civil Procedure to impose sanctions for failure to comply with court orders"); *see also Myles v. Green*, No. 08-20554-CIV, 2013 WL 12201091, at *4 (S.D. Fla. Jan. 30, 2013) (citing *Wabash R. Co.*, 370 U.S. at 631) ("If Plaintiff suffers no penalty for his recalcitrance and neglect, there would be little or no disincentive for him attempt to wage future litigation in a similar manner. This court must not allow such conduct to go undeterred."), *report and recommendation adopted*, No. 08-

20554-CIV, 2013 WL 12201247 (S.D. Fla. Apr. 24, 2013), *aff'd*, 557 F. App'x 901 (11th Cir. 2014).  In this matter, Plaintiff was put on notice that failure to comply with a Court order may result in sanctions, including dismissal of the case.  Despite the Court's order notifying Plaintiff of the possibility of dismissal, Plaintiff nevertheless failed to timely file the verified response.  Consequently, and in the absence of excusable neglect, the Court denies the motion.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 11) is **DENIED**. This case remains **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 22nd day of September, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE